# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>THALIA BENJAMIN,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 09cv2494 JM(WMc)<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; REMANDING ACTION TO STATE COURT |

Defendant Thalia Benjamin moves for leave to prosecute this action in forma pauperis pursuant to 28 U.S.C. §1915. The court denies the motion without prejudice because Plaintiff has failed to submit a completed application to proceed in forma pauperis. Plaintiff represents that she has income from gifts and inheritance but fails to identify the source or amount of these funds. Accordingly, the court is unable to adequately assess Plaintiff's motion to proceed in forma pauperis.

The court also sua sponte remands this action to state court. See Maniar v. FDIC, 979 F.2d 782, 785 (9th Cir. 1992) (the court may sua sponte remand an action to state court). Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Accordingly, federal courts are under a continuing duty to confirm their

1 jurisdictional power and are even "obliged to inquire sua sponte whenever a doubt arises as to [its]
2 existence. . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations
3 omitted).

4     On September 10, 2009 Plaintiff commenced an unlawful detainer action in the Superior Court
5 for the County of San Diego. In the Notice of Removal Defendant alleges that Plaintiff has violated
6 several of her constitutional rights. As the claims in the complaint do not arise under any federal law,
7 the court does not possess federal question jurisdiction over the matters asserted in the Notice of
8 Removal. Whether a claim "arises under" federal law for removal purposes is determined by the well-
9 pleaded complaint rule. See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998). A case
10 "arises under" federal law within the meaning of 28 U.S.C. §1331 when federal law either (1) creates
11 the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial
12 question of federal law. See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S.
13 1, 27-28 (1983). Defendant, as the party who invokes federal removal jurisdiction, has the burden
14 of demonstrating the existence of federal jurisdictional. See Gaus v. Miles, Inc. 980 F.2d 564, 566
15 (9th Cir. 1992); B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). Any doubts regarding
16 removal jurisdiction are construed against Defendant and in favor of remanding the case to state court.
17 See Gaus, 980 F.2d at 566. Here, there is no federal claim over which the court has original
18 jurisdiction. Consequently, the court lacks subject matter jurisdiction and remands this action to the
19 Superior Court for the County of San Diego.

20     In sum, the court sua sponte remands this action to the Superior Court for the County of San
21 Diego.

22     **IT IS SO ORDERED.**
23 DATED: November 10, 2009
24                                                             Hon. Jeffrey T. Miller
25 cc:     All parties                                 United States District Judge
26
27
28